IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GIRARD WEST, ) | |
| ) | |
| Petitioner ) | |
| ) | |
| vs. ) | Civil Action No. 08-482 |
| ) | Magistrate Judge Amy Reynolds Hay |
| MELVIN LOCKETT; THE DISTRICT ) | |
| ATTORNEY OF THE COUNTY OF ) | |
| ALLEGHENY; THE ATTORNEY ) | |
| GENERAL OF THE STATE OF ) | |
| PENNSYLVANIA, ) | |
| ) | |
| Respondents ) | |

MEMORANDUM OPINION AND ORDER

In order to support his drug habit, Girard West ("Petitioner") stole stained glass windows from many houses in and around Pittsburgh, as well as other things including a mantel, and sold them. Consequently, he was charged with many counts of burglary. In addition, he was separately charged with one count of Criminal Attempt to engage in theft by unlawful taking as well one count of possession of an instrument of crime (hereinafter, collectively, the "Criminal Attempt conviction" or "Criminal Attempt charge"). There is no dispute that Petitioner pleaded guilty on June 28, 2001 to all of the burglary charges. On September 25, 2001, Petitioner again appeared in open court and was sentenced. There is a dispute whether at that proceeding Petitioner also pleaded guilty to the Criminal Attempt charge. However, there can be no dispute that he was sentenced on the Criminal Attempt charge at that September 25, 2001 proceeding

and this was done without objection by either Petitioner or his attorney.[1] Dkt. [8-10] at 38, lines 10 to 14. After appealing his conviction to the Superior Court and filing two PCRA petitions, the second of which was held to be untimely, Petitioner filed the instant Section 2254 petition on February 27, 2008.

The issues he raises in the present habeas petition are as follows:

ALL PRIOR COUNSEL WERE INEFFECTIVE WHEN PETITIONER WAS SENTENCED TO 6 TO 12 YEARS FOR CRIMINAL ATTEMPT AND PIC [i.e., Possession of an Instrument of Crime]. PETITIONER IS INNOCENT OF CRIMIAN [sic] ATTEMPT SINCE HE NEVER PLED GUILTY TO THAT CASE (SEE ATTACHED GUILTY PLEA AND SENTENCING TRANSCRIPTS) PETITIONER WAS PREJUDICED WHICH THE ATTORNEYS CAUSED ALL IN VIOLATION OF THE PENNSYLVANIA AND UNTIED STATES CONSTITUTION.

#2. Counsel were ineffective for (a) misinforming Petitioner he would get 1 ½ to 3 years if he pled guilty (b) failure to request recusal of the Sentencing judge and (c)

---

[1] If this court had to reach the issue of whether Petitioner, in fact, pleaded guilty to the Criminal Attempt charge, it would hold that Petitioner did plead guilty to that charge via his attorney. See Dkt. [8-10] at 33, lines 8-12; id., at 34, lines 9 -11 ("We would wish to proceed to sentencing on **all** these cases.")(emphasis added). While it may be true that not all of the formalities attendant to a guilty plea were observed at the September 25, 2001 proceeding, however, viewed in light of the whole record, it is clear that Petitioner intended to plead guilty to the Criminal Attempt charge, and did so, via his attorney, on that day and that, as a consequence, he was sentenced on the Criminal Attempt charge on that day. We do not find the record ambiguous on the fact that Petitioner did plead guilty to the Criminal Attempt charge, however, to the extent that the record could be construed as ambiguous on this point, such ambiguity would redound to Petitioner's detriment, given the procedural posture of this case, if indeed, the court were to reach the issue. See Higgason v. Clark, 984 F.2d 203, 208 (7th Cir. 1993)("On collateral attack, a silent record supports the judgment; the state receives the benefit of a presumption of regularity and all reasonable inferences. . . . His [i.e., the habeas petitioner's] entire position depends on persuading us that all gaps and ambiguities in the record count against the state. Judgments are presumed valid, however, and *Parke* emphasizes that one who seeks collateral relief bears a heavy burden."); Robinson v. Smith, 451 F.Supp. 1278, 1284 n. 6 (W.D.N.Y. 1978)(on habeas review, the court stated that "In my own independent review of the record, I have resolved ambiguities against petitioner"); Patrick v. Johnson, NO. CIV.A.3:98-CV-2291, 2000 WL 1400684, at *9 (N.D. Tex. Aug. 23, 2000) ("whatever ambiguity exists in the record must be resolved in favor of the [state] trial court's finding.").

failing to file a 2119(f) statement on appeal of discretionary aspects of sentence. Dkt. [3] at 7, ¶ 13.

Because the petition is time barred, as Petitioner readily concedes, it should be dismissed as such. Alternatively, because the first issue raised was procedurally defaulted since it was raised for the first time in the second PCRA proceedings which were time barred, the issue cannot provide a basis for relief.

As to the second issue, Petitioner has not shown that the State Courts' adjudication of the the claims of ineffectiveness was contrary to or an unreasonable application of Supreme Court precedent.

**A. Factual and Procedural History**

On September 25, 2001, Petitioner was sentenced on all of the criminal charges, both the burglaries and the criminal attempt. Dkt. [9-2] at 52 to Dkt. [9-3] at 1 to 8 (sentencing transcript). In October, 2001, Petitioner, through his trial counsel, Attorney Leslie Perlow of the Allegheny County Public Defender's Office, filed a motion to withdraw his guilty plea as well as a motion to reconsider the sentence. On November 26, 2001, Petitioner appeared before Judge David Cashman of the Common Pleas Court and a hearing was conducted on the motion to reconsider the sentence and after the motion to reconsider had been argued, Petitioner, through counsel, orally withdrew the motion to withdraw the guilty plea. Dkt. [9-2] at 35, lines 17 to 20. In December 2001, Judge Cashman denied the motion to reconsider.

Through a new attorney from the Public Defender's Office, Petitioner filed an appeal. That appeal raised only two issues:

I. WHETHER THE TRIAL COURT ERRED IN SENTENCING THE

> DEFENDANT IN AN UNREASONABLE MANNER EXCEEDING THE
> STATUTORY GUIDELINES WITHOUT REASON SUPPORTED IN THE
> RECORD.
> II. WHETHER TRIAL COUNSEL WAS INEFFECTIVE FOR FAILURE TO
> PROPERLY COMMUNICATE THE STATUS OF A PROPOSED PLEA
> AGREEMENT OR THE LACK THEREOF RESULTING IN THE
> DEFENDANT ENTERING A PLEA THAT WAS NOT KNOWING,
> VOLUNTARY OR INTELLIGENT.

Dkt. [8-9] at 7. On September 16, 2003, the Superior Court affirmed the judgment of sentence and dismissed Petitioner's claim of ineffective assistance of trial counsel without prejudice to being raised in a PCRA petition. Petitioner did not file a Petition for Allowance of Appeal ("PAA") in the Pennsylvania Supreme Court.

Instead, on October 16, 2003, Petitioner filed a pro se PCRA petition in the Common Pleas Court. Counsel in the person of Attorney Ryan Smith, who was not affiliated with the Public Defender's Office, was appointed to represent Petitioner. An amended PCRA petition was filed raising the following issues:

> PLEA COUNSEL WAS INEFFECTIVE FOR MISINFORMING PETITIONER
> THAT HE WOULD RECEIVE A SENTENCE OF ONE AND ONE HALF TO
> THREE YEARS INCARCERATION IN EXCHANGE FOR A PLEA OF
> GUILTY.

Dkt.[ 9-2] at 9 (underlining removed).

> PLEA COUNSEL WAS INEFFECTIVE FOR FAILING TO REQUEST
> RECUSAL OF THE SENTENCING JUDGE.

Dkt. [9-2] at 13 (underlining removed).

> APPELLANT [sic] COUNSEL WAS CONSTITUTIONALLY INEFFECTIVE
> FOR FAILING TO FILE A 2119(f) STATEMENT WHEN PRESENTING THIS
> PETITIONER[']S DISCRETIONARY ASPECT OF SENTENCE CLAIM ON
> DIRECT APPEAL.

Dkt. [9-2] at 16 (underlining removed).

4

After an evidentiary hearing was conducted, Judge Cashman denied the PCRA petition. Petitioner, through Attorney Smith, filed an appeal to the Superior Court. In that appeal, Petitioner raised the following issues:

> DID THE PCRA COURT ERR IN DISMISSING PETITIONER'S PCRA PETITION FINDING THAT PETITIONER'S PLEA COUNSEL WAS NOT INEFFECTIVE WHERE COUNSEL ERRONEOUSLY INFORMED APPELLANT THAT HE WAS TO RECEIVE A SENTENCE OF THREE-AND-A-HALF TO SIX YEARS INCARCERATION IN EXCHANGE FOR HIS GUILTY PLEA?
>
> DID THE PCRA COURT ERR IN DISMISSING APPELLANT'S PCRA PETITION FINDING THAT APPELLANT'S PLEA AND SENTENCING COUNSEL WAS NOT INEFFECTIVE FOR NOT REQUESTING RECUSAL OF THE SENTENCING JUDGE WHERE THE SENTENCING JUDGE INDICATED ON THE RECORD, POSSIBLE PERSONAL BIAS OR PREJUDICE WITH REGARD TO THE CRIMES FOR WHICH APPELLANT WAS BEING SENTENCED?
>
> WAS APPELLATE COUNSEL INEFFECTIVE FOR FAILING TO PRESERVE APPELLANT'S DIRECT APPEAL RIGHTS WITH REGARD TO A CHALLENGE TO THE DISCRETIONARY ASPECTS OF APPELLANT'S SENTENCE WHERE APPELLATE COUNSEL FAILED TO SET FORTH A CONCISE STATEMENT OF THE REASONS RELIED UPON FOR ALLOWANCE OF APPEAL PURSUANT TO Pa. R.A.P. 2119 (f)?

Dkt. [ 9-7] at 8. On June 17, 2005, the Pennsylvania Superior Court affirmed the PCRA court. Dkt. [10-3] at 1 to 9. Petitioner, through counsel then filed a PAA in the Pennsylvania Supreme, raising the same three issues as were raised in the Superior Court on appeal. Dkt. [10-4] at 8. The Pennsylvania Supreme Court denied the PAA on December 13, 2005.

Waiting for roughly six months, Petitioner filed a second PCRA petition on June 15, 2006, Dkt. [10-6] at 3 to 11, and a brief in support thereof. Dkt. [10-6] at 12 to 22. In that second PCRA petition, he raised the issue that he never actually pleaded guilty on the record to the Criminal Attempt charge. On August 8, 2006, after an answer was filed by the

Commonwealth, raising the PCRA statute of limitations, Judge Cashman issued a notice of intent to dismiss the second PCRA petition without a hearing because the second PCRA petition is time barred. Dkt. [10-6] at 36. After Petitioner filed a response to the notice of intent to dismiss, which wrongly calculated the PCRA statute of limitations, Dkt. [10-6] at 37 to 38, Judge Cashman dismissed the second PCRA petition as time barred. Dkt. [10-6] at 41. Petitioner filed a pro se appeal. Judge Cashman filed his opinion in support of the decision to dismiss the second PCRA petition as time barred. Dkt. [10-6] at 51 to 56. On appeal to the Superior Court, Petitioner raised the following issue:

> I. Is the Court of Common Pleas' judgment of sentence on criminal attempt and possession of an instrument of crime supported by a prerequisite judgment of guilt and was counsel effective [sic] for failing to seek relief on the claim that West was actually innocent of the aforementioned charges?

Dkt. [10-7] at 11. The Superior Court affirmed the PCRA Court's judgment on August 13, 2007. Dkt. [10-7] at 44 to 46. Petitioner did not file a PAA in the Pennsylvania Supreme Court.

Waiting for more than six months, Petitioner executed his current habeas petition. Dkt. [3]. While the petition was ostensibly executed on February 28, 2008, it was not received by the Clerk of Courts until April 8, 2008. Thereafter, Respondents filed an answer, Dkt. [8], [9], and [10], which raised, *inter alia*, the defenses of the AEDPA statute of limitations and the fact that Petitioner procedurally defaulted his claims. Petitioner filed a traverse, Dkt. [12], in which he conceded that his Petition is untimely filed. Dkt. [12] at 3 ("By way of further answer petitioner admits his issues raised in his petition for writ of habeas corpus are procedurally defaulted [sic], but not for the same reasons respondent alleges. The habeas petition was not filed within 1 year, and the second PCRA was untimely filed.").

B. Applicable Legal Standards

1. AEDPA is applicable

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, tit. I, §101 (1996) (AEDPA), which amended the standards for reviewing state court judgments in federal habeas petitions filed under 28 U.S.C. § 2254, was effective April 24, 1996. Because petitioner's habeas petition was filed in the year 2008, AEDPA is applicable to this case. Werts v. Vaughn, 228 F.3d 178, 195 (3d Cir. 2000) ("Since Werts filed his habeas petition on March 18, 1997, after the effective date of the AEDPA, we are required to apply the amended standards set forth in the AEDPA to his claim for federal habeas corpus relief.") (footnote omitted).

2. Statute of Limitations

As applicable here, AEDPA required Petitioner to file his habeas petition within one year of the following enumerated events:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>         . . . .
>  (2) The time during which a properly filed application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Even though a habeas respondent has the burden to plead affirmatively AEDPA's statute of limitations, Hill v. Braxton, 277 F.3d 701, 705 (4th Cir. 2002), it is appropriate, where, as here, the habeas petitioner has been put on notice of a statute of limitations defense, to place some

7

burden on him to show why the statute of limitations has not run.  See, e.g., Smith v. Duncan, 297 F.3d 809, 814 (9th Cir. 2002) ("once a petitioner is given adequate notice and opportunity to respond to allegations that his petition is subject to dismissal pursuant to AEDPA's statute of limitations, petitioner has the burden of providing an adequate response"), *abrogation on other grounds recognized in*, Moreno v. Harrison, 245 Fed.Appx. 606 (9th Cir. 2007); Jackson v. Secretary for Dept. of Corrections, 292 F.3d 1347, 1349 (11th Cir. 2002); Robinson v. Johnson, 313 F.3d 128, 134-135 (3d Cir. 2002) ("The purpose of requiring the defendant to plead available affirmative defenses in his answer is to avoid surprise and undue prejudice by providing the plaintiff with notice and the opportunity to demonstrate why the affirmative defense should not succeed.").  As is demonstrated below, Petitioner has failed to show that the AEDPA statute of limitations has not run in the face of the Respondents affirmative defense.  In fact, Petitioner concedes the untimeliness of his petition.

**C. Discussion**

The Respondents contend that the instant petition is untimely because it was not filed within the one year AEDPA statute of limitations.  The Respondents are correct.

Petitioner was sentenced on all of the crimes, including the Criminal Attempt conviction, on September 25, 2001.  His judgement of conviction became final on October 16, 2003, thirty days after the Superior Court affirmed the judgment of sentence.  See, e.g., Booker v. Folino, No. Civ.A. 04-2906, 2005 WL 638051, at *2 (E.D. Pa. March 17, 2005)("Since Petitioner did not file a direct appeal [i.e., a PAA] to the Pennsylvania Supreme Court, his conviction became final on July 16, 2001, thirty (30) days after the Superior Court affirmed the judgment and sentencing.").

8

Hence, Petitioner would have had until October 16, 2004, in which to file his habeas petition. Petitioner did not file the present habeas petition until, at the earliest, February 27, 2008, the date whereon he signed his habeas petition.[2] While it is true that a properly filed post conviction or collateral petition that was filed and/or pending would have tolled the running of the limitations period,[3] Petitioner did not file his first PCRA petition until, October 16, 2003, which is, coincidentally, also the date his conviction became final. The first PCRA petition remained pending and hence, tolled the AEDPA statute of limitations, only until December 13, 2005, the date whereon the Pennsylvania Supreme Court denied the PAA. See Stokes v. District Attorney of Philadelphia County, 247 F.3d 539, 542 (3d Cir. 2001)("the time during which a state prisoner may file a petition for a writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one year statute of limitations under 28 U.S.C. § 2244(d)(2)."). Hence, the AEDPA statute of limitations began to run as of December 14, 2005, and continued to run at least until June 15, 2006, the date whereon

---

[2] The court will deem the date of the filing to be the date Petitioner signed his habeas petition. The so called "prisoner mail box rule" provides that "a pro se prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court." Burns v. Morton, 134 F.3d 109, 113 (3d Cir 1998); United States v. Soto, 159 F.Supp.2d 39, 45 (E.D. Pa. 2001), aff'd, 33 Fed.Appx. 40 (3d Cir. 2002) . Absent proof of the exact date of delivering the habeas petition to the prison authorities, the court will presume the date whereon Plaintiff signed his habeas petition is the date he gave the prison authorities his habeas petition for mailing. Rhodes v. Senkowski, 82 F.Supp.2d 160, 165 (S.D.N.Y. 2000) ("Absent evidence to the contrary, the Court assumes that Rhodes gave his petition to prison officials for mailing on the date he signed it, February 9, 1998."); Hudson v. Martin, 68 F.Supp.2d 798, 799, n.2 (E.D. Mich.1999), aff'd, 8 Fed.Appx. 352 (6th Cir. 2001). We note that this presumption is strained in this case in light of the length of time between the date Petitioner ostensibly signed the petition and the date the court received it.

[3] See 22 U.S.C. § 2244(d)(2); Bennet v. Artuz, 199 F.3d 116, 119-22 (2d Cir. 1999), aff'd, 531 U.S. 4 (2000).

Petitioner filed his second PCRA petition, which was found by the State Courts to be untimely filed under the State PCRA statute of limitations. Hence, a total of 183 days of AEDPA's 365 days was used up between December 14, 2005 and June 15, 2006. Moreover, because the State Courts found that Petitioner's second PCRA petition was untimely filed, the second PCRA petition cannot statutorily toll AEDPA's statute of limitations. Pace v. DiGuglielmo, 544 U.S. 408, 413 (2005)("[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings including 'time limits upon its delivery'")(quoting Artuz v. Bennett, 531 U.S. 4, 8 (2000)); Merritt v. Blaine, 326 F.3d 157, 165-66 & n. 6 (3d Cir. 2003) (holding that because petitioner's second PCRA petition was untimely under state law, it was not "properly filed" for purposes of AEDPA). Accordingly, AEDPA's statute of limitations continued to run from June 16, 2006, to August 13, 2007, the date whereon the Superior Court affirmed the denial of PCRA relief, which is a total of 423 days, and continued to run thereafter, until February 28, 2008, (the date whereon Petitioner is deemed to have filed the habeas petition) for an additional 198 days. Hence, Petitioner used up a total of at least 804 days (= 198 + 423 + 183).

Accordingly, his habeas petition is clearly time barred and he readily admits so. Dkt. [12] at 3 ("By way of further answer petitioner admits his issues raised in his petition for writ of habeas corpus are procedurally defaulted [sic], but not for the same reasons respondent alleges. The habeas petition was not filed within 1 year, and the second PCRA was untimely filed.").

Petitioner does not argue for equitable tolling as is his burden, nor on this record is there

any apparent reason to do so.[4]  Accordingly, the petition is properly dismissed as time barred.

### Procedural default of first claim

Alternatively, the first claim that Petitioner raises in his habeas petition, i.e., that he was never properly convicted of the Criminal Attempt charge, has been procedurally defaulted. This is because Petitioner did not raise this claim for the first time in the State Courts until the second PCRA petition, which the State Courts held to be untimely filed, and hence, the State Courts refused to address the issue on the merits. Accordingly, we find that Petitioner's failure to abide by the State PCRA's statute of limitations procedural rule to constitute a procedural default in this Court. See, e.g., Peterson v. Brennan, 196 Fed.Appx. 135, 142 (3d Cir. 2006)(holding that a habeas petitioner procedurally defaulted his claim by failing to comply with the PCRA statute of limitations and concluding "we will affirm the District Court's order that the PCRA statute of limitations is an adequate and independent state ground to deny habeas relief."). Petitioner has no claim of cause[5] or prejudice, nor, on this record, could he make out a miscarriage of justice

---

[4] The court notes in passing that even if we equitably tolled the time during which his second PCRA petition was pending, he would still be time barred. This is because adding the time from December 14, 2005 (the day after the Pennsylvania Supreme Court denied the PAA in the first PCRA proceedings) until the date of until June 15, 2006 (the date whereon Petitioner filed his second PCRA petition) a total of 183 days passed. Adding this to the 198 days that passed from August 14, 2007 (the day after the Superior Court affirmed the denial of PCRA relief in the second PCRA proceeding) to February 28, 2008 (the date whereon Petitioner is deemed to have filed his habeas petition) yields a result of 381 days, again well beyond the 365 days permitted.

[5] The only apparent claim of cause he would have is a layered claim of ineffective assistance of counsel claim, such as, his counsel in the first PCRA proceeding was ineffective for failing to raise the ineffectiveness of the prior counsel for failing to raise this issue. However, no such claim of cause (at least based upon ineffective assistance of counsel) would be available to Petitioner because he had no federal constitutional right to counsel during the PCRA proceedings. Coleman v. Thompson, 501 U.S. 722, 757 (1991) ("Because [the petitioner] had no right to counsel to pursue his appeal in state habeas, any attorney error that led to the default of

claim. Accordingly, the first issue is procedurally defaulted and may not provide a basis of relief for Petitioner.

**The second issue does not merit relief**

In order to merit relief under AEDPA, a habeas petitioner has the burden of showing the that the State Courts' adjudication of his claim was contrary to or an unreasonable application of then extant United States Supreme Court precedent or that the adjudication resulted in an unreasonable determination of the facts in light of the State Court record. 28 U.S.C. § 22254(d). See also Matteo v. Superintendent, SCI-Albion, 171 F.3d 877, 888 (3d Cir. 1999)(en banc)); Werts v. Vaughn, 228 F.3d at 197; Stenson v. Lambert, 504 F.3d 873, 883 (9th Cir. 2007)("But Stenson's burden under 28 U.S.C. § 2254(d)(2) is to demonstrate that the Washington court's finding that his request was equivocal 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'"). Because Petitioner fails to carry his burden under AEDPA, his second issue does not merit him relief.

Petitioner's second issue is a claim of ineffectiveness of his counsel in three parts. The first part is an issue of ineffectiveness based upon the alleged fact that his plea counsel misinformed him that his sentences would be 1 ½ to 3 years if he pleaded guilty. The PCRA court did conduct an evidentiary hearing. The PCRA court essentially found, as a fact, that Petitioner's guilty-plea counsel did not make any such representation to Petitioner concerning the sentences. See, e.g., Dkt. [9-5] at 29 to 43 (opinion disposing of PCRA petition and

---

[his] claims in state court cannot constitute cause to excuse the default in federal habeas."); Hull v. Freeman, 991 F.2d 86, 91 (3d Cir. 1993) ("Under *Coleman*, ineffective assistance of post-conviction counsel cannot constitute 'cause' because the Sixth Amendment does not entitle a defendant to post-conviction counsel").

incorporating earlier opinion); id., at 39 (noting that Petitioner's counsel stated this was a "general plea"). The Superior Court affirmed, holding that the Petitioner and his plea counsel presented two different factual scenarios at the PCRA hearing and that

> [f]urther, [plea] counsel testified that she did not indicate to Appellant that he would be sentenced to serve one and a half to three years.
> It is clear that the PCRA court resolved this conflict in testimony by making a credibility determination against Appellant. Furthermore, the record establishes that Appellant was aware of the maximum sentences which could be rendered, that the sentences could be imposed consecutively, and that the court was not bound to a sentence by any agreement between him and the Commonwealth. The record supports the PCRA court's determination that Appellant made a knowing, intelligent, and voluntary decision to enter his guilty plea, and so we will not disturb it.

Dkt. [10-3] at 6 (citations omitted). Petitioner has simply not carried his burden to show that the State Courts' adjudication of this claim was contrary to or an unreasonable application of then extant United States Supreme Court precedent or that the adjudication resulted in an unreasonable determination of the facts. Accordingly, this issue does not merit Petitioner relief.

The second part of his claim of counsel's ineffectiveness is that his guilty-plea counsel was ineffective for not moving the Trial Judge to recuse.

The State Superior Court addressed this issue as follows:

> When the trial court proceeded to sentencing, Appellant states that he wished to make amends to the victims in whatever manner the court determined best. Appellant stated, "I can't give back the windows, but I can give back the money." The trial judge then responded:
> > No. You can't get back my wife's wedding ring or her engagement ring and my grandfather's pocket watch or the watch my father gave me when I graduated from college. There is a fountain pen that my mother gave me when I graduated law school.
> N.T. 9/25/01, at 4. [It was based on these comments that Petitioner thought the judge should have recused.]
> At the evidentiary hearing on the PCRA petition, the sentencing court explained the reason for making the statement at issue was to point out the

13

> personal nature of items lost in a burglary to reinforce the idea that money could not wholly restore the stolen items, things of personal value to the victims. We import no bias from the court's statements, and so agree with the PCRA court that Appellant's plea/sentencing counsel was not ineffective for failing to seek recusal. ***See Commonwealth v. Chambers***, 807 A.2d 872 (Pa. 2002)(stating that counsel will not be deemed ineffective for failing to raise a meritless claim.).

Dkt. [10-3] at 7 (some citations omitted). Petitioner fails to carry his burden to show that this adjudication was an unreasonable application of, or contrary to, then extant Supreme Court precedent. Indeed, it was neither. Werts v. Vaughn, 228 F.3d at 203 ("counsel cannot be ineffective for failing to raise a meritless claim."). Nor has he demonstrated that this was an unreasonable determination of the facts in light of the evidence in the State Court record.

The third and final part of Petitioner's claim of ineffectiveness is that his direct appeals counsel was ineffective for failing to file a statement pursuant to Pa.R.A.P. 2119(f), which is a prerequisite to seeking the Superior Court's review of the discretionary aspects of a convict's sentence. The Superior Court addressed this issue as follows:

> At sentencing, the court informed Appellant of the maximum sentence he could face for his crimes per the Sentencing Guidelines, and we do not hesitate to note that the sentence imposed was well within those guidelines. The Court also stated that it took the pre-sentence report into consideration, the nature of Appellant's burglaries, the need to protect the public and Appellant's rehabilitative needs. Moreover, the sentencing court took into consideration that Appellant engaged in a pattern of going from neighborhood to neighborhood and stealing only stain glass windows. The court reasoned that any lesser sentence would not appreciate [sic] the gravity of the crimes. For these reasons we conclude that the trial court did not abuse its discretion [which is the test applicable if the Superior Court had reviewed it under the Pa.R.A.P. 2119(f) procedure] in imposing Appellant's sentence; thus, Appellant's appellate counsel was not ineffective for failing to challenge the discretionary aspects thereof.

Dkt. [10-3] at 8 to 9 (citations omitted). Essentially, the Superior Court found that even if Petitioner's counsel had followed the correct procedure to have the Superior Court review the

Sentencing Court's exercise of its discretion in setting Petitioner's sentence, the Superior Court would not have found that the Sentencing Court abused its discretion. Hence, whether this holding is cast as a finding that there was no merit to Petitioner's counsel filing the Pa.R.A.P. 2119(f) statement or whether it is cast as a finding that Petitioner suffered no prejudice from his counsel's failure to do so, it is clear that the Superior Court's determination neither unreasonably applied then extant United States Supreme Court precedent nor was the determination contrary to such precedent. At the very least, Petitioner has not carried his burden to show otherwise. Accordingly, this issue does not merit the grant of any relief.

    Lastly, because this Court concludes that jurists of reason would not find it debatable whether this petition is time barred and/or whether Petitioner has procedurally defaulted his first claim and/or whether his second claim in all three of its parts is meritless, a Certificate of Appealability is properly denied.

    An appropriate Order follows.

    /s/ *Amy Reynolds Hay*
    United States Magistrate Judge

Dated: 6 May, 2009

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GIRARD WEST,<br><br>Petitioner<br><br>vs.<br><br>MELVIN LOCKETT; THE DISTRICT ATTORNEY OF THE COUNTY OF ALLEGHENY; THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA,<br><br>Respondents | Civil Action No. 08-482<br>Magistrate Judge Amy Reynolds Hay |

## ORDER

AND NOW, this 6th day of May, 2009, for the reasons set forth in the accompanying Memorandum Opinion, IT IS HEREBY ORDERED that the petition for writ of habeas corpus is DENIED as time barred.

IT IS FURTHER ORDERED that, alternatively, the first claim raised in the instant petition has been procedurally defaulted and the second claim does not merit relief, hence the petition is DENIED.

IT IS FURTHER ORDERED that the Certificate of Appealability is DENIED.

**Because the parties have consented to the undersigned's exercise of plenary jurisdiction over this case, Petitioner is advised that he has the right for thirty (30) days to file a notice of appeal from this Order denying his petition, see 28 U.S.C. § 2253(a); Fed.R.App.P. 4(a)(1)(A), and that our denial of a certificate of appealability does not**

**prevent him from doing so, as long as he also seeks a certificate of appealability from the court of appeals.  <u>See</u> Fed.R.App.P. 22(b)(1).**

<u>/s/ *Amy Reynolds Hay*</u>
United States Magistrate Judge

cc: Girard West
EU-4112
SCI Greensburg
165 SCI Lane
Greensburg, PA 15601

All counsel of record by Notice of Electronic Filing